IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY AVELAR,

    Plaintiff,

vs.                                  Case No. 1:20-cv-00752

WAL-MART STORES EAST, LP

    Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW Jay Avelar, Plaintiff above-named, by and through his attorney of record, David B. Joeckel, Jr., The Joeckel Law Office, and for his cause of action against the Defendant Wal-Mart Stores East, LP, complains, alleges and states as follows:

**I.**

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1).

**II.**

**THE PARTIES**

*Plaintiff*

2.    Plaintiff is an individual residing in Albuquerque, Bernalillo County, New Mexico, and was an employee of Defendant.

*Defendant*

3. Defendant Wal-Mart Stores East, LP is a limited partnership duly authorized to do business in the State of New Mexico. It may be served with process through its registered agent, Corporation Process Company, 726 East Michigan Drive, Suite 330, Hobbs, New Mexico 88240.

**III.**

**FACTS**

4. Plaintiff was employed by Defendant as Store Manager. On June 10, 2019, Plaintiff expressed deep concern regarding the disarray of his store due to his store's remodel. That evening, while lying in bed, Plaintiff began to experience chest pains due to high blood pressure and anxiety caused by his position as Store Manager. Plaintiff's high blood pressure and anxiety lead to Plaintiff developing insomnia.

5. On June 11, 2019, Plaintiff sent James Torres and Nicole McCollum an email expressing his desire to change positions due to his health problems caused by his position as Store Manager. There was no express or implied intent to leave the company. This is shown by Plaintiff requesting an accommodation of becoming a co-manager. Furthermore, James Torres and Nicole McCollum understood Plaintiff's intent to change positions and not leave from the company.

6. Plaintiff further informed James Torres of his health conditions via text messages. Plaintiff made it clearly known to James Torres that the reason he requested to change positions was due to health complications that arose from his job as Store Manager. Mr. Torres informed Plaintiff that Nicole McCollum submitted a request for Plaintiff to change positions—nowhere stating, expressed or implied, that they understood it to be a resignation from the company. Plaintiff expressly noted that he was suffering from health complications with high blood pressure as a result of the stress and anxiety his job as a Store Manager caused him.

7. On June 18, 2019, Plaintiff sent Nicole McCollum and James Torres an email stating that "before any transfers or job titles are complete, I would like to consider a LOA (Leave of Absence) if possible." Plaintiff needed to take accrued time off to rest and recover from his recent health complications before he would resume the duties and responsibilities as an employee in a lesser position. This is further evidence to show that Plaintiff did not intend to resign from the company.

8. On June 19, 2019, Mr. Torres left Plaintiff a voicemail message acknowledging that Plaintiff has been suffering from health complications and that Mr. Torres wanted to set up a meeting where they would discuss Plaintiff's future. Again, no indication that Mr. Torres believed that Plaintiff resigned from the company.

9. On June 20, 2019, Plaintiff successfully filed for an LOA. Plaintiff cited the reason for leave is due to Hypertension Stress caused by his position. Plaintiff received a receipt of the LOA request via text message from an automated system. On June 21, 2019, Mr. Torres informed Plaintiff, via phone call, that Plaintiff's submission for resignation had been denied and Plaintiff would not be offered a position at this time. Plaintiff was shocked since he did not resign from the company. Plaintiff only intended to resign from his Store Manager position so he could assume the role of a co-manager or the like.

10. On June 25, 2019, Ms. McCollum stated via text message that they had accepted his resignation. Plaintiff did not resign. He requested an accommodation of leave and to change position to co-manager or a similar position.

11. There were co-manager or similar positions available. Plaintiff should have been accommodated. He was fired for his disability and because he requested accommodation.

## IV.

## CAUSES OF ACTION

*<u>Disability Discrimination and Retaliation</u>*

12. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 11 above as though set forth fully herein.

13. Defendant violated N.M. Stat. Ann. § 28-1-7(J) and the Americans with Disabilities Act by not providing Plaintiff with accommodation and then terminating Plaintiff because of his disability.

14. Defendant also violated the N.M. Stat. Ann. § 28-1-7(J) and the Americans with Disabilities Act by retaliating against Plaintiff for requesting accommodation.

15. Defendant also violated the N.M. Stat. Ann. § 28-1-7(I) and the Americans with Disabilities Act by terminating Plaintiff because of his disability.

## V.

## DAMAGES

16. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 15 above as though set forth fully herein.

17. As a result of the actions by Defendant's employees, Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, including but not limited to, front pay, back pay, past and future mental anguish and other inconvenience damages, punitive damages and reasonable attorney's fees.

18. Attached as Exhibit A is a true and correct copy of the Right to Sue which Plaintiff received after exhausting his administrative remedies by first filing a charge with the EEOC.

## VI.

## **REQUEST FOR JURY DEMAND**

19. Plaintiff hereby demands a jury trial.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

(1) That the Court award the Plaintiff judgment against Defendant for damages;

(2) That the Court award all other sums as shall be determined to fully and fairly compensate the Plaintiff for all general, special, incidental and consequential damages incurred or to be incurred by Plaintiff as the direct and proximate result of the acts and omissions of the Defendant, including punitive damages;

(3) That the Court award Plaintiff her costs, disbursements and reasonable attorney's fees incurred;

(4) That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

(5) That the Court award such other and further relief as it deems necessary and reasonable.

DATED this 24th day of July, 2020.

Respectfully submitted,

THE JOECKEL LAW OFFICE


  */s/ David B. Joeckel, Jr.*
David B. Joeckel, Jr.
NM Bar No. 149695
CAID No. 16/369
500 Marquette Avenue, Suite 1200
Albuquerque, New Mexico 87102
(505) 503-4800

219 South Main Street, Suite 301
Fort Worth, Texas 76104
(817) 924-8600
(817) 924-8603 – Fax
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF